## ARNOLD v VAL DECKER PACKING COMPANY et

Ohio Appeals, 2nd Dist, Miami Co.

No. 392. Decided May 1, 1940

Paul G. Gingrich, Troy, and L. E. Harvey, Troy, for plaintiff-appellant.

Faust & Faust, Troy, for defendant-appellee, Ida Seigel.

## OPINION

By HORNBECK, PJ.

This is an appeal on questions of law from a judgment in behalf of defendant, Ida Seigel, on the pleadings.

Plaintiff-appellant assigns six grounds of error.

(1) In sustaining demurrer of defendant, Ida Seigel, to the answer of plaintiff to the cross petition of said Ida Seigel.

(2) In failing to give plaintiff an opportunity to plead to the cross-petition of defendant, Ida Seigel.

(3) In sustaining motion of defendant, Ida Seigel, for judgment on the pleadings.

(4) In finding that the allegations of the cross-petition of defendant, Ida Seigel, were confessed to be true by the defendant, The Val Decker Packing Company.

(5) In rendering judgment for defendant, Ida Seigel, against the funds in the hands of the court.

(6) In depriving plaintiff of his rights without due process of law.

Plaintiff, a minor, by his next friend, in his petition made the Val Decker Packing Company and Ida Seigel parties defendants. The petition averred that defendant Packing Company was indebted to Daniel Arnold on a contract between the Packing Company and said Arnold which contract was attached to the petition. The contract attached to the petition was between Daniel Arnold and Harvey Arnold on the one hand and defendant Packing Company on the other. By its terms it provided that the Arnolds were to feed and fatten 24 steers weighing 17695 pounds owned by the Packing Company, for which services they were to be paid one cent over the market price at the time of the return of said steers for each and every pound said steers had gained over the out-going weight of 17695 pounds. The contract was dated September 22, 1933 and was to be completed within 180 to 190 days.

The petition averred that pursuant to the contract plaintiff had by feeding and fattening the steers increased their weight 4,315 pounds, which, by the terms of the contract, entitled him to recover the sum of $215.75 from the Packing Company for which, with costs, judgment was prayed.

Defendant Packing Company filed an affidavit of interpleader in which it asserted that it had the sum of $215.75 in its possession which it was willing to pay in full of all liability under the contract described in the petition, which was never fully completed on the part of the plaintiff or of Harvey Arnold; that plaintiff and Harvey Arnold both claim said money and defendant, Ida Seigel, claims to be entitled to the same as assignee of plaintiff and Harvey Arnold. Defendant company asserts that it is willing to pay the aforesaid sum into court and offers to do so.

Defendant, Ida Seigel, filed her answer and cross-petition. Her answer admits that the contract was carried out according to the terms thereof and that there is due from the Packing Company the sum of $215.75 but denies that said sum is due and payable to the plaintiff and avers that she has no notice of the terms of the contract except as appears from the contract attached to the petition. She then denies each and every other allegation of the petition not admitted to be true.

In the cross-petition defendant, Seigel, alleges that she had formerly recovered a judgment in the Justice of the Peace Court in Concord Township, Miami County, against Harvey T. Arnold, father of Daniel H. Arnold, in the sum of $179.10 which judgment was afterward affirmed by the Common Pleas Court of Miami County; that she caused execution to be issued on said judgment against the property of Harvey T. Arnold in Miami County but that said Arnold in violation of said execution and with the assistance of plaintiff moved the said property from Miami County to Darke County without the consent or knowledge of Ida Seigel or the constable in whose possession said property was taken under execu-

tion, and in violation thereof; that Harvey T. Arnold and the plaintiff, in order to escape prosecution for removal of the property, executed and delivered to Ida Seigel, an assignment of the sum due "him" from the defendant, The Packing Company, to the extent of $129.10 and $50.00 additional for costs, a copy of which assignment is attached to the answer. It is further averred that thereafter the aforesaid assignment was duly presented to the Packing Company, acknowledged and approved by it whereupon said amount became due · and payable from said company to defendant, Ida Seigel. The acknowledgment of the assignment and its acceptance is attached to the answer. Defendant further averred that the Packing Company refused upon demand to pay the amount due her and prays that her interest in the fund be fully protected and that she have judgment against the Packing Company for the sum of $179.10 and costs.

Plaintiff filed identical pleadings, one designated "Reply to Cross Petition of Ida Seigel", the other, "Answer to Cross Petition of Ida Seigel", in which it is admitted that Ida Seigel recovered judgment against Harvey T. Arnold in the sum of $129.10 and that execution was issued thereon against the property of said Arnold and admits the execution and delivery of the assignment to the Packing Company and its receipt by said company and refusal to pay.

Plaintiff denies that he or his father, Harvey T. Arnold, moved any property in violation of any writ of execution but alleges that the chattel property of Harvey T. Arnold upon which the constable sought to make a levy, was exempt from execution under the laws of Ohio which upon demand was set off to Harvey T. Arnold as exempt by the constable who held the execution; that thereafter another execution was issued and the constable attempted to make a levy upon the same property which had been set off to said Arnold as exempt and which he again verbally demanded as exempt from execution; that after plaintiff and his father had removed some of the exempted prop-

erty it was represented to plaintiff that his father was about to be prosecuted or sent to jail for contempt of court for removing said exempted property upon which the constable had attempted to make a levy and that **"he"** was "induced and persuaded to make the assignment mentioned in the cross-petition herein by representations and threats on the part of the defendant, Ida Seigel, and her agents and employees, that if **he** did not do so his father would be prosecuted for removal of said property or sent to jail for contempt of court by reason whereof and through fear and apprehension thereof **he** signed his name to said instrument and received no consideration for executing the same." (Emphasis ours).

It is alleged that thereafter plaintiff, electing to disaffirm and repudiate the assignment, notified defendants that he had done so and demanded all monies due or to become due him from the Packing Company to be paid to him and generally denies all other allegations in defendant, Ida Seigel's cross-petition.

The prayer is that the assignment mentioned in the cross petition may be adjudged to be void and of no effect and ordered to be delieverd· up and cancelled and that plaintiff may have judgment as prayed for in the petition. Plaintiff elected to withdraw his reply from the files.

The court upon consideration of the affidavit of interpleader of the Packing Company permitted it to pay the sum of $215.75 into court and discharged and released it from all liability to the plaintiff or to the defendant, Ida Seigel. Ida Seigel excepted. to this order but prosecutes no appeal therefrom. Defendant, Ida Seigel, demurred to the reply, designated an answer and cross-petition, to the cross-petition which evidently has been considered by the court and the parties as a demurrer to the answer to the cross-petition. The entry upon the demurrer of defendant, Ida Seigel, to the answer and cross-petition of the plaintiff recites that it is sustained and further sustains a motion of said

defendant for judgment on the pleadings. The judgment entry further finds that the Packing Company is in default for answer or demurrer to the cross-petition of Ida Seigel and that the allegations of said answer and cross-petition are thereby admitted by said company to be true. The court then finds on the pleadings that there is due defendant, Ida Seigel, the sum of $238.15 and orders and adjudges that defendant have judgment to the extent of $215.75, the amount in the hands of the Clerk of Courts, which amount is ordered to be paid to the attorneys for Ida Seigel in satisfaction of said judgment. Exceptions were noted by the Packing Company and Daniel Arnold. The notice of appeal is given by the plaintiff only.

We discuss the questions raised generally and will not, therefore, direct our statements to the specific errors assigned. Among other things it is asserted that the court erred, after granting the demurrer, if it be assumed that the demurrer was properly sustained, in not permitting the plaintiff to amend before entering final judgment. In the situation indicated by the judgment entry we would not hold that the court erred in not according the right to the plaintiff to amend inasmuch as it does not appear that there was any request so to do. 31 O. Jur. 706.

It is asserted by defendant, Ida Seigel, that the issue drawn on her cross-petition was between her and the Packing Company and that there was no issue between her and plaintiff. Inasmuch as the trial court held that the packing company was relieved from further obligation when it paid the amount of money which it admitted was due the one whom the court said was entitled, the cause proceeded as though the defendant Packing Company was not in the status of a party against whom judgment could have been rendered, but that the money in the hands of the court was the fund upon which the judgment of the court operated and not against the Packing Company.

It will be necessary to give some considerable attention to the pleadings and their state at the time when the judgment was entered. The plaintiff instituted his action against the Packing Company to establish his right to the money claimed to be due from the Company by reason of performance of the contract. The contract set up with and attached to the petition discloses that there were two first parties, not only the plainiff but his father. The petition takes no notice whatever of the father's connection with the contract, but avers that it was between the plaintiff and the Packing Company, and that he, and no one else, complied with the terms of said contract. The only mention of defendant, Seigel, is to assert that she claims to have an interest in the money due the plaintiff and the judgment is sought against the Packing Company only.

The Packing Company at no time answered the petition nor the cross-petition of Ida Seigel, but instead came into the case upon affidavit in interpleader by virtue of §11265 GC. It was after this action by the Packing Company that Ida Seigel filed her answer and cross-petition, which, however, was filed before the order of the court permitting the Packing Company to pay into court the money it admitted it owed on the contract and discharging and releasing it from all liability to the plaintiff as well as to the defendant, Ida Seigel. The affidavit of the Packing Company for the first time asserts that not only the plaintiff and defendant, Ida Seigel, are claiming some interest in the money due on the contract, but that Harvey T. Arnold is also asserting his right to the money.

When the court supported the position of the Packing Company and released it from any liability, the proceedings were from that time shaped under §11265 GC and by the terms of this section it became the obligation of the court to require all who made a claim to the subject of the action to appear. Failing to do so, they would be barred. If they appear they shall

# 34

be allowed to become defendants in the action in lieu of the original defendant. Thus, not only Ida Seigel but Daniel H. Arnold were necessary and proper parties under §11265 GC, but Daniel H. Arnold was not notified nor does he appear in any manner whatsoever as a party in this case. However, when Ida Seigel, who now becomes the defendant in lieu of the Packing Company, files her answer and cross-petition, she sets up her assignment and here for the first time it appears that her assignment was not from the plaintiff but from the father, Harvey T. Arnold.

Defendant Seigel attaches a copy of the exhibit to which she refers in her cross-petition as an assignment from Harvey T. Arnold and the plaintiff. An examination of this exhibit shows that it is an assignment from Harvey T. Arnold only and that Daniel H. Arnold executed a waiver of all his right, title and interest which he may have asserted to the beef cattle. The cross-petition of Seigel instead of relying upon the consideration, viz., a desire to pay a judgment recited in this assignment from Harvey T. Arnold to her sets out another and different consideration, namely, a purpose to escape prosecution for the removal of the property upon which cross-petitioner had an execution, thus taking the affirmative of an issue which otherwise would have been in the case only by varying the terms of a ▇▇▇▇▇ written instrument. Of course, it must be said, without respect to the fact that the paper executed by the plaintiff was a waiver and not an assignment, it would be sufficient, if not avoided, to have bound both Harvey T. Arnold and the plaintiff not to assert any claim under the contract to the amount of money covered by the assignment.

The pleading which the plaintiff then files, in answer or reply to the cross-petition of Ida Seigel, denies consideration for the assignment to be as set out in the cross-petition and asserts that there was no consideration for it and that it was brought about by fear, apprehension and threats made against the plaintiff and his father. But the outstanding fact is that plaintiff in his answer to the cross-petition of Seigel does not attempt to avoid the assignment as made by his father, but only as made by him. This is the language he employs:

"Plaintiff says that after he and his father, Harvey T. Arnold, had removed some of the aforesaid exempted property it was represented to him (plaintiff) that his father was about to be prosecuted or sent to jail for contempt of court for removing said exempted property upon which the constable had made or attempted to make a purported levy, and he (plaintiff) was induced and persuaded to make the assignment mentioned in the cross-petition herein by representations and threats on the part of the defendant, Ida Seigel and her agents and employees, that if he (plaintiff) did not do so his father would be prosecuted for the removal of said property or sent to jail for contempt of court, by reason whereof and through fear and apprehension thereof he signed his (plaintiff's) name to said instrument, and received no consideration for executing the same."

"Plaintiff further answering says that on or about the 26th day of January 1934, he (plaintiff) elected to disaffirm and repudiate said assignment, and on or about said date notified defendants he (plaintiff) had disaffirmed and repudiated the same, and demanded that all moneys due or to become due him from the defendant, The Val Decker Packing Company, be paid to him." (Words in brackets ours).

It is obvious that if all that the plaintiff avers is true and all that he seeks is granted, there would be left the assignment of his father to the defendant for the amount therein stated. It is obvious that in this situation it would not be safe to enter ▇▇▇▇▇ judgment in view of Sec. 11265 GC, which makes it mandatory that Harvey Arnold be made

a party defendant who is not brought into the case at all.

It is urged that the court should not have acceded to the request of the Packing Company in its affidavit, but should have required it to answer to the cross-petition of defendant Seigel. This may be true, but is not in the case at this juncture because no appeal was taken from the order of the court granting the interpleader.

Notwithstanding the order of interpleader and the absolute release of the Packing Company upon the payment into court of the amount due under its contract, the court predicated its judgment, in part, upon the default of the Packing Company. Of course, a default judgment could not be taken against the Packing Company, not only because it had been released upon the order of interpleader but because no summons had been served upon it on the cross-petition of Ida Seigel. Finally, default judgment could not be entered on behalf of Ida Seigel against the Packing Company because there was an issue drawn between the plaintiff and Ida Seigel as to whom the amount due under the contract should be paid. The ultimate form of the judgment is not objectionable because it is directed to the fund only.

We come then to the question which is argued by counsel in their respective briefs, namely, whether or not the plaintiff had the right to set up a defense against the assignment, assuming for the purpose of consideration that it was meant to reach not only the assignment but the waiver.

It should be noted that after the Packing Company was let out as a party by the Court there was no longer any question but that it owed some one of three persons the sum of $215.75. Defendant Seigel, Harvey Arnold and the plaintiff were required by the order of interpleader to set up their claims to the fund or be barred. There would have been no question if the Packing Company had been held in the case but that it could have answered the cross-petition of Ida Seigel to the effect that although it had accepted the assignment, it had been given under duress and, therefore, was not binding upon it or as against the Arnolds.

We perceive no good reason why the court should not have permitted the plaintiff to set up any defense which, if established, would have the effect of rendering void and of no effect the assignment and waiver. We do not believe that there was such an obligation upon the plaintiff to set up the assignment in his petition that failing to do so he would be barred from thereafter asserting it inasmuch as the interpleader application of the Packing Company was allowed. It became the obligation of the court to permit and require the parties in any appropriate manner to draw the issues which existed among them and if the plaintiff could only raise the question after the interpleader by an answer or reply to the cross-petition of Ida Seigel, then it should have been permitted. One difficulty in this case arises from the fact that the ultimate issue determinative of the question who was entitled to the fund was not brought into the case until after the order of interpleader, though the issues had been made up as though it had not been allowed.

If the issues existing between those who claim the fund are to be adjudicated all parties should be before the court and the pleadings should be appropriately framed to set out the exact claims of the parties.

Judgment will be reversed and cause remanded.

GEIGER and BARNES, JJ., concur.